UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID WELLS, et al., | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV2080 JCH |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, | ) | |
| INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

By way of background, at all relevant times Defendant FedEx Ground Package System, Inc.
("Defendant" or "FedEx") has been engaged in providing small package information, transportation
and delivery services in the United States, including the State of Missouri. (Complaint for Damages
and Injunctive Relief ("Complaint" or "Compl."), ¶ 23). On March 6, 2006, certain current and
former drivers for Defendant (not including Plaintiffs in the instant suit) filed a putative class action
complaint against Defendant ("the MDL Action"), for plan enforcement under ERISA, illegal
deductions from wages under Missouri statutes, and fraudulent misrepresentation under Missouri
common law. (See Gray v. FedEx Ground Package Sys., Inc., Cause No. 4:06-CV-00422 RWS
(E.D. Mo.), Doc. No. 1, Counts I-III). Those drivers additionally sought recession of their Operating
Agreements and declaratory relief. (Id., Counts IV, V).

After the MDL Action was transferred to the United States District Court for the Northern
District of Indiana ("the MDL Court") by the Judicial Panel on Multidistrict Litigation, the named
plaintiffs in that action moved for class certification on their claims for illegal deductions from wages,
rescission, and declaratory relief on April 2, 2007. In re FedEx Ground Package Sys., Inc.,

<u>Employment Practices Litigation</u>, No. 3:05-MD-527-RM (N.D. Ind.) (Doc. Nos. 577 & 577-2).[1] No

motion was made for class certification on the fraudulent misrepresentation claim. <u>See id.</u> The MDL

Court denied certification of the proposed class on March 25, 2008. <u>Id.</u> (Doc. No. 1119).

On June 2, 2008, the MDL Action plaintiffs filed a motion under Federal Rule of Civil

Procedure 23(c)(1)(C) to amend the class certification order. <u>Id.</u> (Doc. No. 1326). That motion was

denied by the MDL Court on May 19, 2010. <u>See</u> <u>In re FedEx Ground Package Sys., Inc.</u>

<u>Employment Practices Litigation</u>, 2010 WL 2038560 at *12–15 (N.D. Ind. May 19, 2010).

Each of the Plaintiffs in the instant suit is or was a driver under contract with Defendant:

David A. Wells from approximately June 1991 to the present; Thomas Redel from approximately June

2004 to February 2010; Jonathan Thurston from approximately March 2003 to November 2003;

Marvin L. Bowden from approximately September 1997 to October 2000, and again from September

2003 to September 2006; Corey Lovelace from approximately May 2000 to March 2003; Joe Hooker

from approximately September 1992 to February 1998; Michael Holdenried from approximately

September 1989 to July 2001; Brad Kennedy from approximately 2002 to April 2004; Steven Leo

Miller from approximately April 2006 to October 2008; Seth Borders from approximately 2002 to

2005; Dale Adams from approximately July 1991 to January 2006; Ray Davis from approximately

October 1999 to November 2002; Dale Jacobson from approximately July 2001 to the present; Leo

Violett d/b/a Violett's Delivery LLC from approximately September 2001 to September 2004; Troy

---

[1] Plaintiffs in the MDL Action sought to certify the following class:
> All persons who: 1) entered or will enter into a FXG Ground or FXG Home Delivery form Operating Agreement (now known as form OP-149 and form OP-149 RES); 2) drove or will drive a vehicle on a full-time basis (meaning exclusive of time off for commonly excused employment absences) since March 6, 2001 to provide package pick-up and delivery services pursuant to the Operating Agreement; and 3) were dispatched out of a terminal in the state of Missouri.

<u>Id.</u>

Bridger from approximately March 1997 to February 2002; Paul Fickbohm from approximately May 2007 to November 2009; Alan R. Dees from approximately January 2000 to June 2006; Jim Applequist from approximately April 1997 to April 2001; Jeff Vandeven from approximately September 1997 to February 2001; William Taube from approximately July 1986 to the present; and David W. Moore from approximately June 1999 to the present. (Compl., ¶¶1–21). On November 3, 2010, Plaintiffs filed the instant Complaint, alleging that Defendant made deductions from Plaintiffs' wages in violation of Missouri law, and that Defendant fraudulently misrepresented certain terms of Plaintiffs' employment.[2] (Doc. No. 1, Counts I and II). Plaintiffs also seek rescission of their Operating Agreements with Defendant and declaratory relief. (Id., Counts III and IV).

On January 3, 2011, Defendant moved to dismiss certain claims made by certain Plaintiffs on the basis of the applicable statutes of limitations. (Doc. No. 7). Defendant's motion is fully briefed and ready for disposition.

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the [C]omplaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted, however, if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for

---

[2] Specifically, Plaintiffs allege that although their Operating Agreements with Defendant designated Plaintiffs as independent contractors, they in fact were employees under Missouri law. (Compl., ¶¶ 28, 33). Plaintiffs' various claims arise out of the alleged mischaracterization. (Id. ¶ 30).

Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted); Huang v. Gateway Hotel Holdings, 520 F.Supp.2d 1137, 1140 (E.D. Mo. 2007). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

"Where it appears from the face of the [C]omplaint itself that the limitation period has run, an action is properly subject to dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6)." Guy v. Swift and Co., 612 F.2d 383, 385 (8th Cir. 1980) (citations omitted). Moreover, in considering whether previous actions tolled the applicable limitations period, the Court may take judicial notice of such actions. Great Plains Trust Co. v. Union Pacific R. Co., 492 F.3d 986, 996 (8th Cir. 2007).

## DISCUSSION

### I.      Wage Deduction Claims (Count I)

Count I of the Complaint alleges "Defendant unlawfully withheld and diverted monies from the compensation earned by Plaintiffs and for business expenses of Defendant," in violation of Missouri Revised Statutes § 290.010 et. seq. (Compl., ¶ 43). Under Missouri law, "[a]ll actions for the collection of any deficiency in wages shall be commenced within two years of the accrual of the cause of action." Mo. Rev. Stat. § 290.527. In its Motion to Dismiss, Defendant asserts the wage

deduction claims of fifteen particular Plaintiffs[3] are time-barred, because each of these Plaintiffs

ceased working for Defendant outside of the relevant limitations period, including any tolling period.

(Memorandum of Law in Support of Defendant FedEx Ground Package System, Inc.'s Motion to

Dismiss ("Memo. in Support"), P. 7).

The parties agree that, for purposes of the instant motion, each Plaintiff's claim is deemed to

have accrued on the last date on which that Plaintiff performed services for Defendant. (Memo. in

Support, P. 3; Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss ("Memo. in

Opp."), P. 5). Furthermore, it is undisputed that the latest termination date of the fifteen Plaintiffs

at issue is October, 2008. (Compl., ¶¶ 1-21; Memo. in Support, P. 7). Therefore, unless these

Plaintiffs can establish some basis for tolling the statute of limitations beyond that date, their wage

deduction claims are time-barred.

Plaintiffs argue that because they were putative class members of the Gray litigation, the filing

of the MDL Action tolled the statute of limitations for their wage-deduction claims.[4] (Memo. in

Opp., PP. 5–6). Defendant does not dispute that some tolling may be warranted as a result of such

filing. (Memo. in Support, PP. 4 –5).[5] Indeed, the Supreme Court has held that "'the commencement

of a class action suspends the applicable statute of limitations as to all asserted members of the class

---

[3] Specifically, Defendant seeks dismissal of Count I with respect to the following Plaintiffs: Jonathan Thurston, Marvin Bowden, Corey Lovelace, Joe Hooker, Michael Holdenried, Brad Kennedy, Steven Miller, Seth Borders, Dale Adams, Ray Davis, Leo Violett d/b/a Violett's Delivery LLC, Troy Bridger, Alan Dees, Jim Applequist, and Jeff Vandeven, as by the above standard all fifteen Plaintiffs ceased working for Defendant outside of the two-year statutory period. (Memo. in Support, P. 7).

[4] Plaintiffs concede that Joe Hooker and Jeff Vandeven were not putative class members in Gray, as their contracts with Defendant expired prior to March 6, 2001. (Memo. in Opp., P. 5 n. 2). Any tolling of the statute of limitations therefore does not apply to Plaintiffs Hooker and Vandeven.

[5] Defendant maintains Plaintiffs' wage deduction claims would be tolled, at most, from the date of filing the class-action complaint in Gray on March 6, 2006, until the MDL Court's original denial of class certification on March 25, 2008. (Memo. in Support, P. 5).

who would have been parties had the suit been permitted to continue as a class action.'" Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 353–54 (1983) (quoting American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 554 (1974)).  Accord Hyatt Corp. v. Occidental Fire & Cas. Co. of N.C., 801 S.W.2d 382, 389 (Mo. App. 1990) (citing Crown and American Pipe in construing a statute of limitations arising under Missouri law).

The parties disagree, however, as to the duration of such tolling.  Crown provides that "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied."  Crown, 462 U.S. at 354.  Plaintiffs read this to mean that "the statute of limitations remains tolled during the entire prosecution of the action, including the period until a class' motion to amend is denied." (Memo. in Opp., P. 6).  Plaintiffs thus argue the tolling period in the instant case continued until the MDL Court made its final determination denying the Missouri Plaintiffs' motion to amend class certification on May 19, 2010.  (Id.).  Defendant conversely asserts the applicable class certification tolling period ended when the MDL Court initially denied class certification on March 25, 2008.  (See Defendant FedEx Ground Package System, Inc.'s Reply Memorandum in Support of Motion to Dismiss ("Defendant's Reply"), P. 3).

Plaintiffs rely on Cruz v. American Airlines, Inc., 193 F.3d 526 (D.C. Cir. 1999), for the proposition that the statute of limitations remains tolled "during the entire prosecution of the action." (Plaintiff's Memo. in Opp., P. 6).  The plaintiffs in Cruz filed their original cause of action against American Airlines because the airline lost their baggage on a particular flight. Id. at 527.  After filing that complaint, the plaintiffs moved to amend the complaint to state a claim for class relief. Id. at 528 n.2.  Thereafter, the district court granted American Airlines' motion for summary judgment on the original complaint, dismissing the motion to amend the complaint as moot in the process. Id.  When the Court of Appeals for the District of Columbia Circuit vacated the entry of summary judgment on

the original complaint, it "restored [the complaint] to its prior status, with [the plaintiffs'] motion to amend their complaint as a class action still pending before the district court." Id. After restoring the complaint to its prior status, the court then concluded that "the statute of limitations ha[d] tolled from the date of filing with respect to the prospective class." Id. at 532 n.6 (citation omitted).

Upon consideration, the Court finds the Cruz decision is not instructive on the issue before this Court, i.e., whether tolling continues beyond a district court's initial denial of a motion for class certification. In other words, because the appellate Court in Cruz restored the motion for class action status, there never was a legally operative denial for tolling purposes. See id. at 528 n. 6, 532 n. 6 (noting that the motion "remain[ed] before the [district] court"). Furthermore, even assuming Cruz stands for the proposition that the denial of a motion for class certification on mootness grounds does not terminate the tolling period, that rule does not reach denials on the merits, which is what occurred in the MDL Action here. See In re FedEx Ground Package Sys., Inc. Employment Practices Litigation, 2010 WL 2038560 at *12–15 (denying motion to amend and discussing merits-related reasons for original denial).

Defendant relies on Armstrong v. Martin Marietta Corp., 138 F.3d 1374 (11th Cir. 1998) (en banc) for the proposition that "tolling ends as soon as a class certification motion is denied on the merits." (Defendant's Reply, P. 3). In Armstrong, the Court addressed the duration of tolling question headlong, holding that "the tolling of the statute of limitations ceases when the district court enters an interlocutory order denying class certification." Armstrong, 138 F.3d at 1378. In so holding, the court rejected the argument that "the statute remains tolled through final judgment in the former class action and completion of an appeal from the order denying class certification," see id., because to hold otherwise, the Court would have to "read the word 'denied' in the [Crown standard for determining when tolling ends] to mean (among other things) 'denied, appealed, denied again,

appealed (perhaps) again, and denied again.'" Id. at 1382. The Eleventh Circuit therefore adopted a standard that "settles the tolling question with regard to all parties, as opposed to a complex of vague rules under which the tolling period will be indeterminate and almost certainly very long." Id. at 1378 n.3.[6]

This Court finds the reasoning in Armstrong persuasive, as did the Court of Appeals for the Federal Circuit in Stone Container Corp. v. U.S., 229 F.3d 1345 (Fed. Cir. 2000). In holding that tolling ends with the trial court's denial of class certification, the Federal Circuit found the case before it represented, "a perfect example of the lengthy delays that would be created if the limitations period were tolled until the appellate process was complete," because four years had elapsed since the district court in that case denied class certification, and the case remained ongoing. Id. at 1355. Similarly, the instant case was not filed for over two years after the MDL Court first denied class certification, and the MDL Action may well take several more years to resolve at the district court level, with any subsequent appeal requiring even more time. Such a delay is untenable, and so Plaintiffs' argument that the statute of limitations remained tolled during the pendency of the motion to amend in the MDL Action is unavailing. See Giovanniello v. ALM Media, LLC, 2010 WL 3528649 (D. Conn. Sep. 3, 2010).

Therefore, Defendant's Motion to Dismiss the claims of Jonathan Thurston, Marvin Bowden, Corey Lovelace, Joe Hooker, Michael Holdenried, Brad Kennedy, Steven Miller, Seth Borders, Dale Adams, Ray Davis, Leo Violett d/b/a/ Violett's Delivery LLC, Troy Bridger, Alan Dees, Jim

---

[6] Practical considerations bolstered the Eleventh Circuit's holding that the statute of limitations begins to run again as to excluded putative class members as of the date the district court denies certification, as the Court found that allowing tolling to continue throughout the duration of the action would "seriously contravene the policies underlying statutes of limitations," as memories would fade and evidence would be lost. Armstrong, 138 F.3d at 1388.

Applequist, and Jeff Vandeven in Count I of the Complaint is granted.[7]

## II.    Fraudulent Misrepresentation (Count II)

Count II of the Complaint alleges that Defendant committed fraudulent misrepresentation by intentionally, recklessly, or negligently misleading Plaintiffs as to their employment status. (Compl., ¶ 45). The parties agree that claims for fraudulent misrepresentation are subject to a five-year statute of limitations under Missouri law. Mo. Rev. Stat. § 516.120(5). (See Memo. in Support, P. 8; Memo. in Opp., P. 10). In its Motion to Dismiss, Defendant argues the fraudulent misrepresentation claims of ten particular Plaintiffs[8] are time-barred, because each of these Plaintiffs ceased working for Defendant outside of the relevant limitations period, including any tolling period. (Motion to Dismiss, ¶ 2; Memo. in Support, P. 8).[9]

As noted above, the instant action was filed on November 3, 2010. (Doc. No. 1). The latest termination date of the ten Plaintiffs at issue is September, 2004. (Memo. in Support, P. 8; Compl., ¶¶ 1–21). Each of these ten claims thus is outside the five-year statutory period, and so unless these ten Plaintiffs can establish some basis for tolling the statute of limitations, their fraudulent misrepresentation claims are time-barred.

In their response, Plaintiffs again assert the statute of limitations was tolled by the MDL Action. (Memo. in Opp., P. 10). Although the plaintiffs in the MDL Action stated a claim for

---

[7] Plaintiffs concede the Count I claims of Plaintiffs Applequist, Bridger, Davis, Holdenried, Hooker, Kennedy, Lovelace, Thurston, and Vandeven are time-barred. (Memo. in Opp., PP. 9-10 & Ex. A).

[8] Specifically, Defendant asserts the claims of Jonathan Thurston, Corey Lovelace, Joe Hooker, Michael Holdenried, Brad Kennedy, Ray Davis, Leo Violett d/b/a Violett's Delivery LLC, Troy Bridger, Jim Applequist, and Jeff Vandeven are time-barred and should be dismissed with prejudice. (Motion to Dismiss, ¶ 2; Memo. in Support, PP. 8-9).

[9] As noted above, the parties agree that, for purposes of the instant motion, each Plaintiff's claim is deemed to have accrued on the last date on which that Plaintiff performed services for Defendant. (Memo. in Support, P. 3; Memo. in Opp., P. 5).

fraudulent misrepresentation in their complaint, they never sought class certification of such claim.

(Id. (citing docket entries from the MDL Action)). Therefore, Defendant contends the statute of

limitations on the fraudulent misrepresentation claims here stopped tolling, if it ever in fact started

tolling, when the MDL Action plaintiffs decided not to seek class certification of the claim in the

MDL Court. (Memo. in Support, P. 5 (citing Pulley v. Burlington Northern, Inc., 568 F. Supp. 1177,

1179–80 (D. Minn. 1983))). As a result, Defendant's Motion to Dismiss Count II focuses only on

those Plaintiffs whose employment terminated at least six years and twenty-seven days before the

instant Complaint was filed. (See id., PP 8–9).[10]

Determining whether the limitations period as to Count II continued to toll beyond the date

to which Defendant provisionally concedes—that is, the date on which the MDL Action plaintiffs

filed their motion for class certification—turns on whether a motion for class certification on statutory

wage claims can toll later claims of fraudulent misrepresentation. Plaintiffs argue it can, because "[a]

suit filed after the dismissal or denial of class certification by an absent class member is not required

to be identical to the earlier class action for the tolling period to apply." (Memo. in Opp., P. 10

(citing Tosti v. City of Los Angeles, 754 F.2d 1485, 1489 (9th Cir. 1985))).

The case on which Plaintiffs rely—the Ninth Circuit's Tosti—did indeed hold that an

"individual suit [need not] be identical in every respect to the class suit for the statute to be tolled."

See Tosti, 754 F.2d at 1489. This case has been severely limited, if not rejected, however, by the

court that decided it. See Card v. Duker, 122 Fed. Appx. 347, 349 (9th Cir. 2005) (emphasis added)

(noting that "[t]he Supreme Court has . . . not extended tolling due to class litigation beyond

*American Pipe's* narrow allowance for identical causes of action brought where the class was

_____

[10] This period represents the five year limitations period, plus the one year and twenty-seven days that elapsed between the filing of the complaint in the MDL Action and the filing of the motion for class certification. (Memo. in Support, PP. 5–6, 8–9).

decertified"); see also id. (holding that asserting different legal claims takes a party outside American Pipe's narrow holding). Further, a recent Ninth Circuit case on the issue relied on the three-justice concurrence in Crown to hold that, "the tolling rule does not 'leave[] a plaintiff free to raise different or peripheral claims following denial of class status.'" See Williams v. Boeing Co., 517 F.3d 1120, 1136 (9th Cir. 2008) (quoting Crown, 462 U.S. at 354 (Powell, J., concurring)).

Upon consideration, this Court finds the reasoning of Card and Williams persuasive, and therefore holds that the limitations period as to Plaintiffs' fraudulent misrepresentation claims in Count II did not toll beyond the date the motion for class certification was filed. The relevant period of limitations is therefore the five-year statutory period, plus the one year and twenty-seven day tolling period that Defendant used in its analysis. Six years and twenty-seven days before the filing of the instant case was October 7, 2004, and each of the ten Plaintiffs at issue separated from Defendant before this date.

Therefore, Defendant's Motion to Dismiss the claims of Jonathan Thurston, Corey Lovelace, Joe Hooker, Michael Holdenried, Brad Kennedy, Ray Davis, Leo Violett d/b/a Violett's Delivery LLC, Troy Bridger, Jim Applequist, and Jeff Vandeven in Count II of the Complaint is hereby granted.[11]

## III.    Rescission Of Operating Agreement (Count III)

In Count III of their Complaint, Plaintiffs seek rescission of the Operating Agreement and an award of rescissory damages. (Compl., ¶¶ 50–61). Defendant argues that the contract cannot be rescinded as a matter of law as to seventeen of the twenty-one Plaintiffs, because the contract was

---

[11] Plaintiffs concede that Count II is barred as to Jim Applequist, Michael Holdenreid, Joe Hooker, and Jeff Vandeven. (Memo. in Opp., P. 11 & Ex. A).

fully performed as to those Plaintiffs.  (Motion to Dismiss, ¶ 5; Memo. in Support, PP. 11-12).[12]

Under Missouri law, "[i]t is well established that a contract that has been fully performed cannot be rescinded by one of the parties."  Shaw v. Raymond, 196 S.W.3d 655, 661 (Mo. App. 2006) (internal quotations and citations omitted).  Plaintiffs maintain Defendant has not in fact performed the contract, because the contract characterized the drivers as independent contractors but did not treat them as such.  (Memo. in Opp., P. 13).  Elaborating on this point, Plaintiffs assert:

> Defendant has controlled virtually every material aspect of the employment relationship, contrary to the material representations made in the Operating Agreement.  As a result, Defendant did not and could not fully perform under the Operating Agreement.  Therefore, each Plaintiff in this litigation retains the right to rescind his contract with Defendant based on such failure to perform and to seek such appropriate damages.

(Id.).

Upon consideration, the Court finds Plaintiffs' argument is in conflict with Shaw v. Raymond.  In Shaw, a FedEx driver agreed to sell his route for a certain amount, to be paid in monthly installments.  Shaw, 196 S.W.3d at 657.  After the contract was executed, the seller ceased servicing the routes and allowed the buyer to begin such service.  Id.  The buyer stopped making the monthly payments after four months, however, and requested that the seller provide proof he actually owned the route that he purported to have sold.  Id. at 658.  In fact, the seller did not own the route, but was merely selling his "willingness to step aside and permit [the buyer] to attempt to gain the route that [the seller] ha[d] previously serviced."  Id.  The seller sued the buyer for breaching the agreement by ceasing payments, and the buyer counterclaimed for rescission based on the fraudulent

---

[12] Specifically, Defendant seeks dismissal of Count III with respect to the following Plaintiffs: Thomas Redel, Jonathan Thurston, Marvin Bowden, Corey Lovelace, Joe Hooker, Michael Holdenried, Brad Kennedy, Steven Miller, Seth Borders, Dale Adams, Ray Davis, Leo Violett d/b/a Violett's Delivery LLC, Troy Bridger, Paul Fickbohm, Alan Dees, Jim Applequist, and Jeff Vandeven.  (Memo. in Support, P. 12).

misrepresentation. Id. Even though the seller agreed in the contract to "sell one FedEx Ground Route," the court in Shaw reasoned that the seller's "obligation under the [c]ontract was the delegation of service and assignment of benefits combined with the promised forbearance of his effort to continue the contract routes." Id. at 662 (internal quotations omitted). Because the seller had in fact complied with the obligations as construed by the court, even though he did not technically convey title to a route, the seller's performance was complete and the buyer could not seek to rescind the agreement. See id.

In the instant case, Plaintiffs contracted with Defendant to drive trucks for FedEx. (Compl., ¶ 32). Defendant in fact employed Plaintiffs in that capacity, and at this time seventeen of the Plaintiffs have ceased working for Defendant. (Id., ¶¶ 1–21). Although Plaintiffs allege the structure of the contracts violated Missouri statutory law, and the contracts were entered into through fraudulent misrepresentation, Plaintiffs concede that Defendant employed them and followed the expense payment protocol outlined in the contract. (See Compl., ¶ 59 (alleging the injury flows from Defendant's misclassification of Plaintiffs' employment status in the Operating Agreements, and its *contractual* requirement that Plaintiffs pay FedEx's own expenses)). Therefore, regardless of whether use of the term "independent contractor" connotes a relationship different than the one created by the terms of the Operating Agreement, the obligations in the contract itself were in fact performed, and so Defendant's Motion to Dismiss Count III of the Complaint as to seventeen of the twenty-one Plaintiffs must be granted.

## IV.    Declaratory Relief Against Defendant (Count IV)

In Count IV, Plaintiffs seek a declaratory judgment that "Defendant has unlawfully classified Plaintiffs as independent contractors, and has thus denied Plaintiffs the common benefits of employee status." (Compl., ¶ 63). Claims for declaratory judgments are subject to the limitations period of the

underlying claim. <u>Strozewski v. City of Springfield</u>, 875 S.W.2d 905, 907 (Mo. 1994). Plaintiffs assert their claims are based on Defendant's fraudulent misrepresentations (Memo. in Opp., P. 11), and so the five year limitations period for fraudulent misrepresentation claims applies. <u>See</u> Mo. Rev. Stat. § 516.120(5). Defendant, therefore, has moved to dismiss the declaratory relief claims of seven specific Plaintiffs[13] who ceased working for Defendant outside of the five-year limitations period. (Motion to Dismiss, ¶ 4; Memo. in Support, PP. 10-11).

In their response, Plaintiffs maintain a cause of action for fraud does not accrue until actual discovery of the fraud by the aggrieved party. (Memo. in Opp., P. 11). Plaintiffs previously conceded, however, that "the claims of each Plaintiff accrued on his last day of employment with Defendant." (<u>Id.</u>, P. 3). Furthermore, under Missouri law the five-year statute of limitations for fraud claims "begins to run, even in the absence of actual discovery, at the time when, *in the exercise of due diligence,* the defrauded party *should have discovered* the fraud." <u>Aetna Cas. & Sur. Co. v. Fernandez</u>, 830 F.2d 952, 954 (8th Cir. 1987) (emphasis in original) (summarizing Missouri case law). The Court agrees with Defendant that in the exercise of due diligence, Plaintiffs should have discovered the alleged misrepresentations no later than the time their respective contracting relationships with Defendant ended. (Reply, PP. 9-10). Defendant's Motion to Dismiss Count IV as to Plaintiffs Corey Lovelace, Joe Hooker, Michael Holdenried, Ray Davis, Troy Bridger, Jim Applequist, and Jeff Vandeven must therefore be granted.[14]

---

[13] Specifically, Defendant moves to dismiss Count IV as to Corey Lovelace, Joe Hooker, Michael Holdenried, Ray Davis, Troy Bridger, Jim Applequist, and Jeff Vandeven. (Motion to Dismiss, ¶ 4).

[14] Plaintiffs concede that Count IV is barred as to Jim Applequist, Michael Holdenreid, Joe Hooker, and Jeff Vandeven. (Memo. in Opp., P. 12 & Ex. A).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant FedEx Ground Package System, Inc.'s Motion to Dismiss (Doc. No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Corey Lovelace, Joe Hooker, Michael Holdenried, Ray Davis, Troy Bridger, Jim Applequist and Jeff Vandeven are **DISMISSED** as Plaintiffs in this matter.

**IT IS FURTHER ORDERED** that Count I is **DISMISSED** as to Plaintiffs Jonathan Thurston, Marvin Bowden, Brad Kennedy, Steven Leo Miller, Seth Borders, Dale Adams, Leo Violett d/b/a Violett's Delivery LLC, and Alan R. Dees.

**IT IS FURTHER ORDERED** that Count II is **DISMISSED** as to Plaintiffs Jonathan Thurston, Brad Kennedy, and Leo Violett d/b/a Violett's Delivery LLC.

**IT IS FURTHER ORDERED** that Count III is **DISMISSED** as to Plaintiffs Jonathan Thurston, Marvin Bowden, Brad Kennedy, Steven Leo Miller, Seth Borders, Dale Adams, Leo Violett d/b/a Violett's Delivery LLC, Alan R. Dees, Thomas Redel, and Paul Fickbohm.

Dated this 9th day of May, 2011.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE