UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAVID WELLS, et al.,                          )
                                              )
        Plaintiffs,                           )
                                              )
    vs.                                       )        Case No. 4:10-CV-02080-JAR
                                              )
FEDEX GROUND PACKAGE                          )
SYSTEM, INC.,                                 )
                                              )
        Defendant.                            )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Responses to Plaintiffs'

Third Interrogatories Relating to Damages and Third Request for Production of Documents Directed

to Defendant [ECF No. 91]. The Motion is fully briefed and ready for disposition. For the following

reasons, the motion will be granted in part.

**Background**

Plaintiffs seek discovery of certain information relating to the compensation, benefits,

and job descriptions for persons who have driven trucks for Defendant's sister companies, FedEx

Freight, Inc., and FedEx Express.[1] Defendant has objected to each of Plaintiffs' Third Interrogatories

and Third Request for Production of Documents on the grounds that the discovery is not reasonably

calculated to lead to the discovery of admissible evidence. Defendant further objects to Interrogatory

Nos. 36, 37, and 42 and Request Nos. 58, 59, 61, and 65 on the grounds that the information and/or

documents sought are "outside of Defendant's possession, custody, or control." Specifically,

Defendant argues that Defendant and its sister companies are separate and distinct. As a result, it

---

[1]Plaintiffs state that FedEx Express has produced the requested information and
documents pursuant to subpoena. (Doc. No. 92, p. 2 n.1) Accordingly, the motion to compel as it
relates to FedEx Express, and specifically Interrogatory Nos. 38, 39 and 43, and Request Nos.
60, 62 and 66, will be denied as moot.

does not have control of the requested information or documents. Finally, Defendant objects to Interrogatory Nos. 40 and 41, and Request Nos. 63 and 64, seeking job descriptions for persons who have driven trucks for Defendant and FedEx Home Delivery on the grounds that this information is equally available to Plaintiffs. Defendant states Plaintiffs are aware of their job description and that Defendant has already produced Plaintiffs' Operating Agreements.

**Discussion**

With respect to Defendant's objections based on relevance, this Court previously ruled in the related case of *Gray, et al., v. FedEx Ground Package System, Inc.*, 4:06CV422, that the information sought by Plaintiffs regarding hourly wage rates, job descriptions and benefits for employees of FedEx Freight and FedEx Express  was "clearly designed to lead to the discovery of admissible evidence." (Doc. No. 171) Thus, the Court will overrule Defendant's objections on this ground.

As to whether Defendant has "possession, custody, or control" over the requested information and/or documents, the Eighth Circuit has instructed that "[t]he rules for depositions and discovery 'are to be accorded a broad and liberal treatment.' " Orthoarm, Inc. v. Forestadent USA, Inc., 2007 WL 1796214, at *2 (E.D.Mo. June 19, 2007) (quoting Credit Lyonnais, S.A. v. SGC Int'l, Inc., 160 F.3d 428, 430 (8th Cir.1998)). Rule 34(a) requires a party to produce not only those documents within its possession or physical custody, but also responsive documents that are within the party's "control." Id. (citing Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 635 (D.Minn.2000) (citing Fed.R.Civ.P. 34)). Control is defined broadly as the "ability to obtain upon demand documents in the possession of another." Id. (quoting Prokosch, 193 F.R.D. at 636.) The party to whom the discovery is directed need not have legal ownership or actual physical possession, but rather a "practical ability" to obtain the documents. Id.

The Court finds that a sufficient relationship between Defendant and FedEx Freight exists in order to justify an order compelling production of the requested information and/or documents, particularly since Defendant and FedEx Freight are sister companies and wholly owned subsidiaries of FedEx Corporation. Clearly, as between the parties, Defendant has a "practical ability" to obtain the information Plaintiffs seek on demand.

Finally, with respect to the written discovery relating to job descriptions for truck drivers, Plaintiffs state Defendant's objections do not address the issue of whether such written job descriptions actually exist and thus are not well taken. In response, Defendant confirms it does not have any written job descriptions of persons who have driven trucks other than in the Operating Agreement, which has already been produced. (Memorandum in Opposition, Doc. No. 93, pp. 6-7). The motion to compel will, therefore, be denied as to Interrogatory Nos. 40 and 41 and Request Nos. 63 and 64.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Responses to Plaintiffs' Third Interrogatories Relating to Damages and Third Request for Production of Documents Directed to Defendant [91] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendant shall, no later than ten (10) days from the date of this Order, provide supplemental responses to Plaintiffs' Third Interrogatories Nos. 36, 37, and 42.

**IT IS FURTHER ORDERED** that Defendant shall, no later than ten (10) days from the date of this Order, produce the requested documents in its possession, custody or control which are responsive to Plaintiffs' Third Request for Production of Documents Nos. 58, 59, 61, and 65.

**IT IS FURTHER ORDERED** that with respect to Interrogatory Nos. 40 and 41 and Request Nos. 63 and 64, the Motion is **DENIED**.

**IT IS FURTHER ORDERED** that respect to the written discovery directed to FedEx Express, specifically Interrogatory Nos. 38, 39, 43 and Request Nos. 60, 62 and 66, the Motion is **DENIED** as moot.

Dated this 1st day of October, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE