**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID WELLS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:10-CV-2080-JAR |
| ) | |
| FEDEX GROUND PACKAGE ) | |
| SYSTEM, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |
| ) | |
| REGINALD GRAY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:06-CV-422-JAR |
| ) | |
| FEDEX GROUND PACKAGE ) | |
| SYSTEM, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motions to Exclude Testimony and Report of Defendant's Expert Witness James Scapellato [*Wells* ECF No. 117; *Gray* ECF No. 205] and Expert Witness Satish Jindel. [*Wells* ECF No. 119; *Gray* ECF No. 207]

Plaintiffs are former contractors with Defendant FedEx Ground Package System, Inc. ("FedEx"). Each Plaintiff executed a "Pickup and Delivery Contractor Operating Agreement" ("OA") with FedEx which Plaintiffs allege misclassified them as independent contractors when they were in fact employees.

FedEx has retained James E. Scapellato[1] to offer expert testimony regarding safety regulatory requirements applicable to FedEx's relationship with Plaintiffs (Scapellato Report, *Gray* Doc. No. 205-1; *Wells* Doc. No. 117-1), and Satish Jindel[2] to offer expert testimony regarding the parcel delivery business practice in meeting customer needs. (Jindel Report, *Gray* Doc. No. 207-1; *Wells* Doc. No. 120-1) It is Scapellato's opinion generally that FedEx's safety policies, procedures and practices are required and/or authorized and encouraged by federal safety laws and regulations and well within the norm of industry standards, customs and practices. (Scapellato Report, pp. 30-31) It is Jindel's opinion generally that certain elements of the Standards of Service that Plaintiffs agree to comply with in their OAs with FedEx, i.e., (1) timed pick-ups and deliveries, (2) signature-required deliveries, (3) making multiple delivery attempts, (4) tracking packages through scanners, and (5) identifiable vehicles and drivers, are driven by customer demand, and consistent with industry-wide practices. (Jindel Report, pp. 7-11) FedEx intends to present this expert testimony as part of its response to Plaintiffs' argument that FedEx wrongfully controlled its drivers.

In light of the Court's ruling granting Plaintiffs' motion for partial summary judgment as to employment status, it appears that the testimony of Scapellato and Jindel is no longer relevant.

Accordingly,

---

[1] James Scapellato, of Scapellato & Company LLC, a transportation consulting company, has 28 years of experience working for the U.S. Department of Transportation, National Highway Traffic Safety Administration (NHTSA) and the Federal Highway Administration (FHWA). (Scapellato Report at 5) Mr. Scapellato has worked for numerous motor carriers in regulatory and safety capacities, and has been qualified as an expert in regulatory compliance and enforcement of the Federal Motor Carrier Safety Regulations in both state and federal court.

[2] Satish Jindel, President of SJ Consulting Group, Inc. Mr. Jindel has 28 years of experience working in the transportation and logistics industry. Jindel Report at 3. Mr. Jindel developed the widely-used ShipMatrix technology, and has worked with many major logistics providers.

**IT IS HEREBY ORDERED** that Plaintiffs' Motions to Exclude Testimony and Report of Defendant's Expert Witness James Scapellato [117, 205] and Expert Witness Satish Jindel. [119; 207] are **DENIED** without prejudice as moot. If FedEx can demonstrate relevance of the testimony of Scapellato and Jindel, then the Court will reconsider Plaintiffs' motions.

Dated this 27th day of September, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE