UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID WELLS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10-CV-2080-JAR |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| REGINALD GRAY, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06-CV-00422-JAR |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant FedEx Ground Package System, Inc.'s Motion for Partial Reconsideration of the Court's Order on Summary Judgment. (*Gray* Doc. No. 338; *Wells* Doc. No. 219) Plaintiffs filed their Response in Opposition to the motion on November 6, 2013. (*Gray* Doc. No. 349; *Wells* Doc. No. 230) FedEx did not file a reply. The motion is, therefore, fully briefed and ready for disposition.

FedEx moves the Court to reconsider its Order denying it summary judgment on Plaintiffs' fraud claims. In support of its motion, FedEx argues the Court erred in allowing Plaintiffs to proceed on a "benefit conferred" theory of general damages rather than on a "benefit of the bargain" theory of damages. (Mem. in Supp., *Gray* Doc. No. 339, *Wells* Doc. No. 219, p. 3) According to FedEx,

the benefit of the bargain for Plaintiffs would be based on the deal Plaintiffs claim they would have enjoyed had FedEx's representations regarding their status as independent contractors been true. But the "bargain" Plaintiffs struck with FedEx, which they allege was the result of misrepresentations, was *not* that Plaintiffs would be employees, but rather, that they would be "true" independent contractors. (Id., pp. 3-4)

The Court will reconsider an interlocutory order only if the movant demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error. Brodie v. Novartis Pharmaceuticals Corp., 2011 WL 1559763, at *2 (E.D.Mo. Apr. 25, 2011)(citing Discount Tobacco Warehouse, Inc. v. Briggs Tobacco and Specialty Co., Inc., 2010 WL 3522476, at *2 (W.D. Mo. Sept. 2, 2010)). The Court finds FedEx has had ample opportunity to fairly argue its position on Plaintiffs' theory of damages. Moreover, granting FedEx's motion will not remedy any errors, much less a significant error, in that the Court is essentially applying a benefit of the bargain analysis in this case. Although FedEx classified Plaintiffs as independent contractors in its Operating Agreements, the Court has determined as a matter of law that the Agreements were in fact employment agreements. As such, Plaintiffs are entitled to seek as damages the benefits they should have received as employees—the benefit of the bargain they made when entering into their employment agreements with FedEx.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant FedEx Ground Package System, Inc.'s Motion for Partial Reconsideration of the Court's Order on Summary Judgment [338, 219] is **DENIED**.

Dated this 3rd day of December, 2013.

                                                                   _____
                                                                   JOHN A. ROSS
                                                                   UNITED STATES DISTRICT JUDGE